IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

GLOBAL ONE ENGINEERING, LLC,

          Plaintiff,

vs.

SITEMASTER, INC,

          Defendant.

Case No. 15-CV-583-CVE-FHM

## OPINION AND ORDER

Defendant Sitemaster, Inc.'s Motion in Limine to Exclude Plaintiff's Expert Michael Berryman, [Dkt. 27], has been referred to the undersigned United States Magistrate Judge for decision.

## Background

In simplified terms, Plaintiff is seeking recovery of an amount exceeding $300,000 for work performed under the terms of a contract between Plaintiff and Defendant. Defendant has counterclaimed, alleging damages of over $900,000 resulting from Plaintiff's breach of the contract. Among Defendant's allegations are claims that Plaintiff: failed to bring a qualified and sufficient team to the site; Plaintiff failed to meet quality control standards; failed to meet the scope and specifications required on the project; and failed to use proper materials. Defendant also alleges that Plaintiff misrepresented its knowledge of Society for Protective Coatings (SSPC) standards and qualifications to complete the project.

## The Parties' Assertions

Defendant seeks to exclude the testimony of Plaintiff's expert witness, Michael Berryman, from the trial of this case. Defendant asserts that Mr. Berryman does not

possess the necessary qualifications to provide expert testimony in matters that are critical to the lawsuit. According to Defendant, Mr. Berryman cannot testify as an expert because, although he has experience as a construction general contractor, he has no knowledge skill and experience in the standards established by the SSPC; he has never worked on a project overseas, or done a project for the U.S. Navy; he has no experience in determining how long it should take to perform the activities necessary to prepare and paint a communications tower; he has never prepped or painted a tower; he has never given an opinion on SSPC Industry Standards; and has never climbed a tower in connection with his work as a general contractor. Defendant also points out that Mr. Berryman is not a member of several identified professional construction related organizations. [Dkt. 27, p. 8].

Plaintiff asserts that Mr. Berryman's testimony is not intended to establish that Plaintiff's work met the standards of the SSPC. Rather his testimony relates to the industry meaning of technical terms employed in the contract, billing practices in the commercial construction industry, construction industry practices relating to payment to subcontractors, and construction industry standards concerning dealing with construction delays and changes in scope of work. According to Plaintiff, these issues are ones where the jury will need the assistance of expert testimony. In addition, these issues are central to its claim that over $300,000 remains unpaid and owed to Plaintiff. Plaintiff argues that Mr. Berryman is qualified to testify on these subjects by having over 38 years of experience as a general contractor.

## Analysis

Fed.R.Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702 imposes upon the court an important "gate-keeping" function with regard to the admissibility of expert opinions. *See generally Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In order to determine whether an expert's opinion is admissible, the court undergoes a two-step analysis. First, the court has to determine whether the expert is qualified by "knowledge, skill, experience, training, or education" to render an opinion. *See* Fed.R.Evid. 702. Second, if the expert is so qualified, the court determines whether the opinions are "reliable" under the principles set forth under *Daubert,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469, and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

Defendant's objections that Mr. Berryman has no experience with surface preparation and painting application standards set forth by the SSPC, overseas contracts, Navy contracts, and climbing towers do not speak to the topics about which Mr. Berryman intends to testify. The matters in this case are not as limited as Defendant has cast them

in its motion in limine. The applicability of and compliance with SSPC standards are certainly not the only relevant issues in this lawsuit. The court finds that opinions about billing practices in the commercial construction industry, construction industry practices relating to payment to subcontractors, and construction industry standards concerning dealing with construction delays and changes in scope of work are relevant to the issues raised in the Complaint. In addition, under the applicable law concerning contract interpretation, 15 Okla. Stat. § 161, the technical words of a contract are "interpreted as usually understood by persons in the profession or business to which they relate," thus the industry meaning of technical terms employed in the contract are also relevant.

The court finds that, with over 38 years of experience as a general contractor, Mr. Berryman is one qualified as an expert on these topics by reason of his knowledge and experience. Defendant's objections address the weight of Mr. Berryman's testimony, but not Mr. Berryman's qualifications to testify under Rule 702.

Defendant argues that Mr. Berryman's proposed testimony fails to meet the reliability factors contained in Rule 702 and *Daubert v Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. According to Defendant, Mr. Berryman's testimony is not based on industry standards. This assertion is predicated on Mr. Berryman's lack of knowledge about SSPC standards. However, as Plaintiff explained, Mr. Berryman's Proposed testimony does not relate to SSPC standards. Rather, as previously stated, Mr. Berryman's testimony addresses the industry meaning of technical terms employed in the contract, billing practices in the commercial construction industry, construction industry practices relating to payment to subcontractors, and construction industry standards concerning dealing with construction delays and changes in scope of work. These are

4

matters not within the knowledge of the average juror and are topics upon which expert testimony will be helpful. The court finds that Mr. Berryman's proposed testimony meets the applicable standards of reliability.

To the extent Mr. Berryman's expert report can be read to suggest that he will be rendering any opinions other than about the industry meaning of technical terms employed in the contract, billing practices in the commercial construction industry, construction industry practices relating to payment to subcontractors, and construction industry standards concerning dealing with construction delays and changes in scope of work, such topics are beyond what Plaintiff represents as the purpose of Mr. Berryman's testimony. Mr. Berryman's testimony will be limited to the topics listed.

## Conclusion

Defendant Sitemaster, Inc.'s Motion in Limine to Exclude Plaintiff's Expert Michael Berryman, [Dkt. 27], is DENIED.

SO ORDERED this 31st day of October, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE