UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLOBAL ONE ENGINEERING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-0583-CVE-FHM |
| | ) |
| SITEMASTER, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court are the following motions: plaintiff's Motion for Attorneys' Fees and Combined Brief in Support (Dkt. # 87); Defendant/Counterclaimant SiteMaster, Inc.'s Motion for Set-Off and Incorporated Brief in Support (Dkt. # 88); Defendant/Counterclaimant SiteMaster, Inc.'s Motion for Attorneys' Fees and Non-Taxable Costs and Incorporated Brief in Support (Dkt. # 94); Defendant/Counterclaimant SiteMaster, Inc.'s Motion for New Trial on Damages, or in the Alternative Motion to Amend Judgment and Incorporated Brief in Support (Dkt. ## 97, 99); Defendant/Counterclaimant SiteMaster, Inc.'s Motion for New Trial on Fraud and Incorporated Brief in Support (Dkt. # 98); Defendant/Counterclaimant SiteMaster, Inc.'s Motion to Review Clerk's Order on Costs and Incorporated Brief in Support (Dkt. # 109).

**I.**

On October 14, 2015, Global One Engineering, LLC (Global One) filed this case alleging that it entered a contract with SiteMaster, Inc. (SiteMaster) concerning the painting of a United States Navy communications tower on the island of Sicily. Dkt. # 2, at 2. Under the contract, SiteMaster was the general contractor and Global One was a subcontractor, and Global One represented that it was "engaged in the business of maintenance, repair, and painting of

telecommunication and radio towers, specializing in tall towers." Id. Global One alleged that it was not provided enough time to complete the painting of the tower, and it claimed that SiteMaster refused to pay several invoices that had been submitted by Global One. Id. at 3. Global One alleged a claim of breach of contract seeking over $300,000 in damages and attorney fees. SiteMaster asserted counterclaims for breach of contract and fraud, seeking more than $900,000 in damages. Dkt. # 16.

The case was tried before a jury and certain facts were not disputed. In particular, there was no dispute that Global One did not finish painting the tower and that SiteMaster brought in another subcontractor to complete the work. Dkt. # 55, at 1-2 (pretrial order). The parties disputed how much work Global One completed and the quality of that work, but the evidence was undisputed that SiteMaster paid a second subcontractor, Allstate Tower, Inc. (Allstate), approximately $653,000 to finish painting the tower. Dkt. # 97-2, at 2. SiteMaster also presented testimony that it incurred an additional $305,000 in expenses in relation to mobilizing a second subcontractor to go to Sicily. Dkt. # 97-1, at 2-13. Global One took the position that it had been denied access to the worksite for the full amount of time promised under the contract. See Dkt. # 97-3, at 4. According to Global One's expert witness, Michael Berryman, the contract guaranteed Global One 99 calendar days to work on the tower, and he believed that Global One could not be held responsible for failing to complete its work if SiteMaster failed to make the site available for the full amount of time. Id. Berryman opined that Global One had completed between 55 and 59 percent of the work that it agreed to perform under the parties' contract when it left Sicily, and he testified that Global One was owed $329,511 for unpaid invoices submitted to SiteMaster. Dkt. # 110-3, at 2. The invoices submitted by Global One show that this amount is comprised of $129,511 for work completed

between August 15 and September 15, 2015, and $200,000 for demobilization and completion. Dkt. # 110-3, at 15-19. The parties' written agreement consisted of a subcontract agreement, a purchase order, and an award letter. Dkt. # 88-3, at 5-11; Dkt. # 98-2; Dkt. # 98-3. The purchase order contains the following provision:

> 20. Seller's Default: Subject to Paragraph 21 above, whenever Seller (1) refuses or fails to deliver any Deliverables within the time specified in the Contract or in written instructions issued to Seller, or (2) otherwise defaults in the performance of the work, Company may terminate the Contract, in whole or in part, immediately upon mailing notice of default. Company and Seller may agree to grant to Seller an opportunity to cure any such default. In the event that Company must complete the Deliverables using its own crews or another subcontractor, the costs to complete the Deliverables will be deducted from any amounts due to Seller.

Dkt. # 88-3, at 10.

The jury instruction conference was held on December 9 and 12, 2016.[1] SiteMaster had submitted a proposed jury instruction as to its damages, which instructed the jury to calculate the full amount of damages owed to SiteMaster and then subtract any amount owed to Global One for invoices that had not been paid by SiteMaster. Dkt. # 62, at 34. The Court raised this issue at the jury instruction conference and advised SiteMaster that the Court would not be asking the jury to perform a set-off as part of its damages calculation. Dkt. # 84, at 7. The Court stated that it would consider the issue of a set-off after the jury returned its verdicts, and neither party objected to the Court's proposal. Id. The jury was instructed as to Global One's breach of contract claim and SiteMaster's breach of contract counterclaim to put each party "in as good a position as it would have been if the contract had not been breached," and the jury was not instructed to determine whether any amount paid by SiteMaster to finish painting the tower should be set-off or deducted

---

[1] The jury instruction conference began on Friday, December 9, 2016, and was resumed on Monday, December 12, 2016. Dkt. # 84.

from any amounts owed to Global One. Dkt. # 76, at 46. However, paragraph 20 of the purchase order dealing with default was identified as a contractual term that was to be interpreted by the jury based on the intent of the parties. Dkt. # 76, at 30-31.

Global One asked the Court to enter judgment as a matter of law in favor of Global One on SiteMaster's fraud counterclaim. Dkt. # 85, at 2. In ruling, the Court referenced the Oklahoma Supreme Court's decision in Harkrider v. Posey, 24 P.3d 821 (Okla. 2000), and distinguished between fraudulent inducement claims that render a contract void or merely voidable. Dkt. # 85, at 4. Counsel for SiteMaster, Heidi Shadid, agreed that the contract at issue was voidable and that SiteMaster was not seeking rescission as a remedy. Id. at 5. The Court also discussed the merger doctrine under which any representations, promises, or inducements made during contractual negotiations are merged into the contract and any agreements or representations not contained in the contract are not valid and binding agreements. Id. Shadid responded that the subcontract contains a customer list provided by Global One that was intended to induce SiteMaster to enter the contract, and the customer list contained numerous misrepresentations that falsely suggested that Global One was an experienced tower painting company. Id. at 6. However, Shadid agreed that the remedy under Oklahoma law for a contract that is voidable due to fraudulent inducement is rescission, and all of the damages that SiteMaster was seeking for fraud were recoverable as part of its breach of contract counterclaim. Id. at 7. The Court granted Global One's motion for judgment as a matter of law on SiteMaster's fraud counterclaim.

On December 12, 2016, the Court instructed the jury, the parties made their closing arguments, and the jury returned its verdicts. The jury found for Global One on its breach of contract claim and for SiteMaster on its breach of contract counterclaim. Dkt. ## 77, 78. The jury

awarded Global One $129,511, but did not award any damages to SiteMaster. Before the jury returned to the courtroom with the verdicts, the jury had submitted a note asking if it was "allowed to find both parties in breach and only allow a monetary award to one party." Dkt. # 80, at 2. The Court consulted with counsel for both parties before responding, and counsel agreed with the Court the appropriate response was simply "yes." Id.

SiteMaster has filed several motions challenging the outcome of the trial. SiteMaster argues that the Court should have allowed the jury to consider its fraud counterclaim and it requests a new trial on its fraud counterclaim. Dkt. # 98. SiteMaster requests a new trial on its breach of contract counterclaim as to damages only or, in the alternative, it asks the Court to amend the judgment to award SiteMaster $958,000. Dkt. ## 97, 99. Finally, SiteMaster asks the Court to reduce the award of damages to Global One to $0 by means of an equitable set-off or recoupment, because the parties' contract requires that any amounts paid by SiteMaster to complete the work that was to be performed by Global One be deducted from any unpaid invoices due to Global One. Dkt. # 88.

**II.**

Under Fed. R. Civ. P. 59(a), a party may file a motion seeking a new trial on some or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." The motion for new trial must be filed within 28 days of the verdict, and there is no dispute in this case that SiteMaster has timely filed its motions seeking a new trial. In reviewing a Rule 59(a) motion, the district court must review the facts presented at trial and consider those facts in a light most favorable to the prevailing party. Snyder v. City of Moab, 354 F.3d 1179, 1188 (10th Cir. 2003). "Where a new trial motion asserts that the jury verdict is not supported by the evidence, 'the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the

5

evidence.'" Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1284 (10th Cir. 1999). In reviewing a motion for new trial challenging the amount of damages, the award of damages should be sustained if there is any competent evidence tending to support the verdict. Black v. Hieb's Enterprises, Inc., 805 F.2d 360, 363 (10th Cir. 1986).

In addition to a motion for a new trial, a party may also ask the court to alter or amend the judgment under Fed. R. Civ. P. 59(e). A motion under Rule 59(e) should be granted "only to correct manifest errors of law or to present newly discovered evidence," but such motions are not permitted "to reevaluate the weight of the evidence after a jury's verdict." Elm Ridge Exploration Co., LLC v. Engle, 721 F.3d 1199, 1216 (10th Cir. 2013). The Tenth Circuit allows a party to challenge inconsistent verdicts under Rule 59(e), but a reviewing court must "accept any reasonable view of the case that makes the jury's answers consistent." Loughridge v. Chiles Power Supply Co., Inc., 431 F.3d 1268 (10th Cir. 2005).

### III.

#### A.

SiteMaster asserts that the Court erred by entering judgment as a matter of law on SiteMaster's counterclaim for fraud, because SiteMaster is permitted to pursue alternate theories of liability for the same damages and the merger doctrine is inapplicable to this case. Dkt. # 98. Global One responds that SiteMaster expressly disclaimed that it was seeking rescission, and it argues that no false statements or misrepresentations were incorporated into the parties' written agreements. Dkt. # 111.

Oklahoma law distinguishes between contracts that are void or voidable due to a misrepresentation made before the contract is entered. A contract entered into by a party on the

6

basis of a misrepresentation about the nature of the contract itself is void and the contract is a legal nullity. Harkrider, 24 P.3d at 827. A party that is induced to enter a contract based on a misrepresentation that does not concern the nature of the contract can seek to have the contract declared voidable due to fraud in the inducement. Id. "A contract voidable for fraud in the inducement creates a valid contractual relationship, which subsists in contemplation of law until the parties are relieved of their obligation by a decree of rescission." Id. Oklahoma law permits a party to simultaneously bring claims for fraud and breach of contract, but a party may not obtain a double recovery. Specialty Beverages, LLC v. Pabst Brewing Co., 537 F.3d 1165, 1180 (10th Cir. 2008). However, a fraud claim must be distinct from a breach of contract claim, and the alleged damages from the commission of a tort must be separate and distinct from those caused by the breach of contract. Horton v. Bank of America, 189 F. Supp. 3d 1286, 1291 (N.D. Okla. 2016); McGregor v. National Steak Processors, Inc., 2012 WL 314059, *3 (N.D. Okla. Feb. 1, 2012).

SiteMaster argues that rescission is not the only remedy available to a party alleging fraud in the inducement, and it asserts that a party may affirm the contract and seek monetary damages. Dkt. # 98, at 4. SiteMaster acknowledges that it may not seek a double recovery but it argues that it could proceed with fraud and breach of contract counterclaims as alternate theories of recovery. Id. at 5. SiteMaster acknowledges that it represented to the Court during the hearing on plaintiff's motion for judgment as a matter of law that SiteMaster's damages for breach of contract and fraud were the same, but it claims that it could have sought separate damages for breach of contract and fraud. Dkt. # 98, at 5. However, SiteMaster did not attempt to recover separate damages for breach of contract and fraud, and SiteMaster should not be permitted to revive its fraud counterclaim after affirmatively representing to the Court that it was not seeking separate damages for breach of

contract and fraud. The Court also notes that allowing SiteMaster to proceed with a fraud counterclaim would not likely have changed the outcome of the trial. SiteMaster asserted a defense of fraud to Global One's breach of contract claim, and the jury was instructed on this affirmative defense. Dkt. # 76, at 42. The jury still awarded damages to Global One and no damages to SiteMaster.

SiteMaster argues that the merger doctrine is inapplicable in this case, because evidence of Global One's representations during contractual negotiations was relevant to prove fraud in the inducement. Dkt. # 98, at 5-6. SiteMaster claims that evidence relating to fraud is admissible under the parole evidence rule. Id. at 6. The subcontract agreement contains a merger clause in which the parties acknowledged that "no representations, inducements, promises, or agreements, orally or otherwise, have been made by any party hereto . . . which are not embodied herein . . . ." Dkt. # 98-2, at 6. In ruling on plaintiff's motion for judgment as a matter of law, the Court relied on the merger doctrine that any false representations made during contract negotiations are merged into the contract and cannot form the basis for a fraud claim if the contract contains a merger clause. Dkt. # 85, at 6. It is unclear why SiteMaster believes that the parole evidence rule would entitle SiteMaster to a new trial on its fraud counterclaim, because the Court did not actually exclude any evidence based on the merger doctrine. The Court ruled on Global One's motion after all of the evidence had already been admitted, and the jury was permitted to consider this evidence in relation to SiteMaster's affirmative defense of fraud. SiteMaster also argues that some of the misrepresentations were included in the subcontract, particularly in a customer list provided by Global One, and these misrepresentations are not subject to the merger doctrine. SiteMaster claims that it relied on Global One's customer list when forming a belief that Global One was an

experienced tower painting company. However, there was conflicting testimony presented at trial about Global One's representations to SiteMaster about its experience. This was a factual issue within the province of the jury, in particular as to SiteMaster's affirmative defense of fraud to Global One's contract claim. As such, the customer list does not provide a basis for a new trial on SiteMaster's fraud counterclaim. The Court finds that SiteMaster's motion (Dkt. # 98) for a new trial on its fraud counterclaim should be denied.

## B.

SiteMaster seeks a new trial as to damages or, in the alternative, SiteMaster asks the Court to amend the judgment to award it $958,000 in damages. Dkt. ## 97, 99. Global One responds that there was sufficient evidence to support the jury's decision to award no damages to SiteMaster, and it argues that the jury's verdict was not against the weight of evidence. The Court has reviewed SiteMaster's motion and finds that SiteMaster has cited no authority that would allow the Court to substitute its judgment for that of the jury and to amend the judgment to award SiteMaster all of the damages it was seeking at trial. In fact, the Tenth Circuit has found that the practice of additur is prohibited by the Seventh Amendment to the United States Constitution, because a party has a right to have a jury, not a judge, decide the appropriate amount of damages. ClearOne Communications, Inc. v. Biamp Systems, 653 F.3d 1163, 1178-79 (10th Cir. 2011); Estes v. Southern Pacific Transp. Co., 598 F.2d 1195, 1199 (10th Cir. 1979). The Court will consider SiteMaster's motion as a request for a new trial as to damages, but SiteMaster has provided no authority that would allow the Court to amend the judgment and award it almost $1,000,000 in damages.

Global One argues that SiteMaster has waived any right to challenge alleged inconsistencies in the jury verdict, and Global One relies on the Tenth Circuit's decision in Johnson v. ABLT

9

Trucking Co., Inc., 412 F.3d 1138 (10th Cir. 2005). In Johnson, the Tenth Circuit explained that a party must object to a general verdict with special interrogatories before the jury is discharged to preserve an argument that the jury's responses to the special interrogatories are inconsistent with the general verdict. Id. at 1142. The reason for this rule is that a general verdict can be resubmitted to the jury under Fed. R. Civ. P. 49(b) if the jury's responses to special interrogatories are so inconsistent that the Court cannot enter a judgment under Fed. R. Civ. P. 58, but a special verdict under Rule 49(a) cannot be resubmitted to a jury for correction or clarification. Id. The Court finds that Johnson is inapplicable to this case because SiteMaster has not argued that there is any legal inconsistency in the jury's verdicts that would prevent the Court from entering a valid judgment under Rule 58. Instead, SiteMaster argues that the jury's decision to award it no damages is against the weight of the evidence, and this type of objection could not have been made at the time the jury issued its verdicts. SiteMaster's request for a new trial on damages is appropriately raised in a post-trial motion under Rule 59.

SiteMaster argues that the evidence was undisputed that it incurred $958,000 in damages and, in light of the jury's finding that Global One breached the contract, the jury's decision to award no damages to SiteMaster is entirely against the weight of the evidence. Dkt. # 97, at 6-7. SiteMaster acknowledges that Berryman testified on behalf of Global One, but SiteMaster asserts that Berryman's testimony went to SiteMaster's liability for allegedly not providing enough time for Global One to complete its work, rather than the amount of damages. Dkt. # 97-3, at 2-4; Dkt. # 117, at 1-2. SiteMaster further argues that, during closing arguments, counsel for Global One argued that SiteMaster made a profit under its contract with the Navy, even considering the additional money paid to Allstate, which prejudiced the jury against SiteMaster. Dkt. # 97, at 7.

The jury instructions on damages required that, if the jury found that Global One breached the contract, it should "put [SiteMaster] in as good a position as it would have been if the contract had not been breached." Dkt. # 76, at 46. However, SiteMaster claims that the jury ignored the undisputed evidence and declined to award damages to SiteMaster based on the improper argument made by Global One's counsel. Dkt. # 97, at 7.

The Court has reviewed the evidence, including transcripts of witness testimony and the parties' closing arguments, and finds that SiteMaster's motion for new trial on damages should be denied. The Court does not agree with Global One's argument that the jury's decision to award SiteMaster no damages was "especially logical" or that it was the most likely outcome. See Dkt. # 110, at 9-11. However, counsel for SiteMaster failed to make a contemporaneous objection to the argument made by Global One's counsel that SiteMaster had already profited enough and that SiteMaster should not be awarded damages. A trial court will rarely set aside a verdict based on issue that was not objected to at trial, because a "party may not wait and see whether the verdict is favorable before deciding to object." Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 962 (10th Cir. 1993) (quoting Computer Sys. Eng'g, Inc. v. Qantel Corp., 740 F.2d 59, 69 (1st Cir. 1984)). "[A] new trial will not be granted on grounds not called to the court's attention during trial unless the error was so fundamental that gross injustice would result." Starr v. Quik Trip Corporation, 2017 WL 431804, *4 (N.D. Okla. Feb. 1, 2017) (quoting Guidance Endodontics, LLC v. Dentsply Int'l, Inc., 728 F. Supp. 2d 1170, 1185 (D.N.M. 2010)). SiteMaster fails to explain in its motion for new trial why it did not make a timely objection to the argument made by Global One's counsel, and SiteMaster does not attempt to show that gross injustice will result unless the Court orders a new trial as to damages. SiteMaster did offer evidence that it incurred $958,000 in

11

damages, and SiteMaster is correct that Global One did not directly challenge the amount of damages sought by SiteMaster. On the other hand, the evidence supporting SiteMaster's damages primarily consists of Glenn Chalker's brief testimony on this issue. Dkt. # 97-1, at 3-13. There is documentary evidence that also supports SiteMaster's argument that it paid Allstate $653,000 to finish painting the tower. SiteMaster's counsel wholly failed to reference this evidence in his closing argument, and he made no attempt to explain the basis for SiteMaster's damages to the jury. Instead, he twice mentioned the figure of $958,000 without explanation as to the basis for this figure. Dkt. # 101, at 23-26. SiteMaster's counsel also failed to respond to the argument made by Global One that SiteMaster had already profited enough from its contract with the United States Navy. SiteMaster failed to object to the allegedly improper argument made by Global One's counsel, and the relatively scant evidence and argument as to the amount of SiteMaster's damages explains why the jury may not have understood the arguments that are more clearly advanced in SiteMaster's post-trial motions. A jury's verdict should not be set aside when a party has failed to object or avail itself of its opportunities to make a more substantial argument to the jury, and the Court does not find that gross injustice will result if the jury's verdict is upheld. SiteMaster's motion for a new trial as to damages (Dkt. ## 97, 99) should be denied.

## C.

SiteMaster argues that it is entitled to a set-off under the parties' contract because, in the event that Global One did not complete its work and SiteMaster had to pay a second subcontractor to complete the work, the cost of paying the second subcontractor was to be deducted from any amounts owed to Global One. Dkt. # 88. Global One responds that SiteMaster has waived this

argument and that a set-off would be unnecessary in light of the jury's decision not to award damages to SiteMaster. Dkt. # 103.

The parties do not dispute that the purchase order prepared by SiteMaster contains the following provision concerning Global One's default:

> 20. Seller's Default: Subject to Paragraph 21 above, whenever Seller (1) refuses or fails to deliver any Deliverables within the time specified in the Contract or in written instructions issued to Seller, or (2) otherwise defaults in the performance of the work, Company may terminate the Contract, in whole or in part, immediately upon mailing notice of default. Company and Seller may agree to grant to Seller an opportunity to cure any such default. In the event that Company must complete the Deliverables using its own crews or another subcontractor, the costs to complete the Deliverables will be deducted from any amounts due to Seller.

Dkt. # 88-3, at 10. The purchase order identifies SiteMaster as the "Company" and Global One as the "Seller." Id. at 6. This provision of the purchase order is incorporated into the parties' subcontract agreement. Dkt. # 88-5, at 7. It is undisputed that Global One did not finish painting the tower and that SiteMaster paid Allstate approximately $653,000 to complete the work. Dkt. # 88-4 (Chalker's trial testimony); Dkt. # 88-5 (purchase order identifying scope of work and payment for Allstate). The jury awarded Global One $129,511 in damages, and this amount represents the total of unpaid invoices submitted by Global One for work performed between August and September 15, 2015.

Global One argues that SiteMaster has not preserved the issue of a set-off for post-judgment review. According to Global One, the default provision of the purchase order giving rise to SiteMaster's motion for a set-off was included in the jury instructions (Dkt. # 76, at 30-31), and

13

SiteMaster did not object to this instruction at the jury instruction conference.[2] However, SiteMaster raised the affirmative defense of equitable set-off in its answer, and Global One was on notice before trial that SiteMaster was seeking an equitable set-off. Dkt. # 16, at 3 ("SiteMaster is entitled to a set off equal to the amounts owed to them [sic] by Global One for Global One's wrongful conduct and prior material breaches of the subject Agreement as set forth in more detail in SiteMaster's Counterclaims herein."). The pretrial order also put Global One on notice that SiteMaster was seeking a set-off against amounts that might be owed to Global One due to Global One's breach of contract. Dkt. # 55, at 6. In its proposed jury instructions, SiteMaster specifically asked for the jury to be instructed that the jury should set off amounts owed to Global One against damages awarded to SiteMaster.[3] The Court clearly stated that the jury would not be directed to perform a set-off, and that the Court would make any necessary set-off after the jury reached a verdict. Global One did not raise any objection to the procedure proposed by the Court. Although paragraph 20 of the purchase order was included in the jury instructions, the Court did not instruct the jury as to set-off. The Court does not find that inclusion of paragraph 20 in the jury instructions supports Global One's waiver argument. Instead, the Court finds that SiteMaster preserved its request for an equitable set-off at every stage of the case, and the Court will consider SiteMaster's request for an equitable set-off.

---

[2]  As described earlier, this instruction merely advised the jury of two contractual provisions to be interpreted by the jury. However, the Court did not instruct the jury to consider a right of set-off in calculating damages.

[3]  The SiteMaster requested instruction is actually the opposite of a contractual right: the subcontract permits SiteMaster to deduct the amount paid to complete the contract from amounts due to Global One.

Oklahoma law recognizes the right to an equitable set-off or recoupment in cases where a party has been awarded damages arising out of a contract. Nelson v. Linn Midcontinent Exploration, LLC, 228 P.3d 533, 534 (Okla. Civ. App. 2009). "A 'recoupment' is the 'right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract.'" Id. at 535 (quoting Bank of Oklahoma, N.A. v. Briscoe, 911 P.2d 311, 318 (Okla. Civ. App. 1995)). "[I]n an action against one upon a contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the same." Id.

Global One argues that the jury's verdict forecloses the possibility of a set-off, because the jury did not award SiteMaster any damages and there is no amount to set-off against the damages awarded to plaintiff. The Court disagrees that the jury's verdict prevents the Court from exercising its equitable authority to enforce the party's contract. A condition of the party's contract is that Global One would force a reduction in any amount it had earned for its work if it breached the contract and SiteMaster was required to pay a second subcontractor to complete the work. That is precisely what happened in this case, and the jury's verdict fully supports the exercise of the Court's equitable authority to reduce the judgment awarded to Global One to $0. Global One's argument would be more persuasive if the jury had awarded no damages to SiteMaster based on a finding that Global One had not breached the contract, but that is not what occurred in this case. The jury found that Global One did breach the contract, and this necessarily means that Global One did not fully perform its work and that its non-performance was not excusable. The amount of the jury's verdict also clearly shows that Global One was awarded damages only for the unpaid invoices relating to work that was performed by Global One between August 15 and September 15, 2015, and the jury

did not award Global One damages for demobilization or completion of the work. The only conclusion that can be drawn from the amount of the jury's verdict in favor of Global One is that the damages were intended to compensate Global One for work performed before it left Sicily. SiteMaster had a contractual right to set-off against this amount the amount it paid a second subcontractor to complete the work. The Court finds that it would be inequitable to enter judgment against SiteMaster for $129,511, when the parties' agreement clearly permits SiteMaster to set-off the $653,000 paid to Allstate against this amount. The Court finds that SiteMaster's motion requesting an equitable set-off (Dkt. # 88) should be granted, and the Court will exercise its equitable authority to reduce Global One's damages to $0.

## IV.

SiteMaster and Global One have filed motions seeking attorney fees, and each party argues that it is the prevailing party based on the jury's verdict. Dkt. ## 87, 94. SiteMaster also asks the Court to vacate the award of costs in favor of Global One. Dkt. # 109. In light of this Opinion and Order, the Court finds that Global One cannot be considered the prevailing party based on its argument that it was the only party awarded damages by the jury. The Court finds that the award of costs (Dkt. # 107) entered in favor of Global One should be vacated. In addition, the parties' briefing as to attorney fees is unhelpful to the Court in determining who is the prevailing party, because the parties do not cite any authority concerning who is a prevailing party when neither side is awarded damages. The Court finds that the motions for attorney fees are moot, and the Court will stay briefing on the issue of attorney fees until the parties' deadline to file a notice of appeal expires or any appeal is concluded. It would be a waste of the Court's and the parties' resources to proceed with briefing on the issue of attorney fees if either Global One or SiteMaster appeals, because a

ruling by the Tenth Circuit could impact any ruling on attorney fees. However, if no notice of appeal is filed, the Court will set a deadline for the parties to re-urge their motions for attorney fees.

**IT IS THEREFORE ORDERED** that Defendant/Counterclaimant SiteMaster, Inc.'s Motion for New Trial on Damages, or in the Alternative Motion to Amend Judgment and Incorporated Brief in Support (Dkt. ## 97, 99) and Defendant/Counterclaimant SiteMaster, Inc.'s Motion for New Trial on Fraud and Incorporated Brief in Support (Dkt. # 98) are **denied**.

**IT IS FURTHER ORDERED** that Defendant/Counterclaimant SiteMaster, Inc.'s Motion for Set-Off and Incorporated Brief in Support (Dkt. # 88) is **granted**. An amended judgment awarding no damages to either Global One or SiteMaster will be entered herewith.

**IT IS FURTHER ORDERED** that Defendant/Counterclaimant SiteMaster, Inc.'s Motion to Review Clerk's Order on Costs and Incorporated Brief in Support (Dkt. # 109) is **granted**, and the award of costs (Dkt. # 107) is **vacated**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Attorneys' Fees and Combined Brief in Support (Dkt. # 87) and Defendant/Counterclaimant SiteMaster, Inc.'s Motion for Attorneys' Fees and Non-Taxable Costs and Incorporated Brief in Support (Dkt. # 94) are **moot**.

**DATED** this 27th day of July, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE